UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| ANA MARIA SOARES, | CIV. NO. 2:16-00128 WBS EFB |
|---|---|
| Plaintiff, | MEMORANDUM AND ORDER RE: MOTION TO DISMISS |
| v. | |
| STATE OF CALIFORNIA, DEPARTMENT OF INDUSTRIAL RELATIONS AND TERRY MENAFEE, | |
| Defendants. | |

----oo0oo----

Plaintiff Ana Maria Soares brought this action based on alleged gender harassment and discrimination and her ultimate termination. Defendants State of California Department of Industrial Relations ("CDIR") and Judge Terry Menafee now move to dismiss plaintiff's First Amended Complaint ("FAC") for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

1

I.   Factual and Procedural Background

   Plaintiff worked as a Workers' Compensation Judge for CDIR from August 2014 to July 29, 2015.  (FAC ¶ 3.)  During that time, Judge Menafee allegedly harassed plaintiff "because of her gender," and the alleged harassment included "discipline, negative comments about female judges, overly scrutinized work, undeservedly poor performance evaluations, weekly tests and work tallies."  (Id. ¶¶ 4-5.)  Plaintiff alleges this harassment was "so severe and pervasive that it interfered with [her] ability to perform her job and created a hostile, abusive environment."  (Id. ¶ 7.)  Male colleagues were allegedly not subjected to similar treatment.  (Id. Ex. 1.)  After plaintiff complained about the harassment in November 2014 to Judge Thomas Clarke, the harassment allegedly "increased."  (Id. ¶¶ 8-9.)  Judge Menafee issued a "Counseling Memo" to plaintiff in June 2015 and she was ultimately discharged on July 29, 2015.  (Id. ¶ 9.)

   After amending her Complaint once as a matter of course, plaintiff asserts six claims in her FAC: (1) gender harassment against CDIR in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq.; (2) gender harassment against both defendants in violation of subsection 12940(j) of California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12940-12951; (3) gender discrimination against CDIR in violation of Title VII; (4) gender discrimination against CDIR in violation of subsection 12940(a) of FEHA; (5) retaliation against CDIR in violation of Title VII; and (6) retaliation against CDIR in violation of subsection

12940(h) of FEHA.  Defendants now move to dismiss plaintiff's FAC in its entirety pursuant to Rule 12(b)(6).

II.   Analysis

On a motion to dismiss under Rule 12(b)(6), the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  This "plausibility standard," however, "asks for more than a sheer possibility that a defendant has acted unlawfully," and where a complaint pleads facts that are "merely consistent with a defendant's liability," it "stops short of the line between possibility and plausibility."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 557).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief' requires more than labels and conclusions . . . ."  Twombly, 550 U.S. at 555 (alteration in original) (citations omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678; see also Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

3

When ruling on a motion to dismiss, a court "is generally limited to the face of the complaint, materials incorporated into the complaint by reference, and matters of which [the court] may take judicial notice." Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 989 (9th Cir. 2009). Here, plaintiff submitted numerous copies of emails in opposition to defendants' motion to dismiss. (See Pl.'s Opp'n Ex. 1 (Docket No. 14).) Because those emails are not part of plaintiff's FAC and are not the proper subject of judicial notice, the court neither considers nor relies on them in deciding the sufficiency of the allegations in the FAC.

      A.   Hostile Work Environment

Title VII and FEHA prohibit employers from harassing employees because of their gender and are "violated if [] harassment is so severe or pervasive as to create a hostile work environment." Kortan v. Cal. Youth Auth., 217 F.3d 1104, 1109 (9th Cir. 2000) (citing 42 U.S.C. § 2000e-2(a)(1)); see also Cal. Gov't Code § 12940(j) (making it unlawful for an employer "because of . . . gender . . . to harass an employee"). Because "Title VII and FEHA operate under the same guiding principles," courts often analyze Title VII and FEHA hostile work environment claims together. Brooks v. City of San Mateo, 229 F.3d 917, 923 (9th Cir. 2000).

To establish a prima facie case for a hostile-work environment claim under Title VII or FEHA, a plaintiff must show that "(1) the defendants subjected her to verbal or physical conduct based on her [gender]; (2) the conduct was unwelcome; and (3) the conduct was sufficiently severe or pervasive to alter the

1  conditions of her employment and create an abusive working
2  environment."  Surrell v. Cal. Water Serv. Co., 518 F.3d 1097,
3  1108 (9th Cir. 2008); see Fisher v. San Pedro Peninsula Hosp.,
4  214 Cal. App. 3d 590, 608 (2d Dist. 1989).  "'[H]arassing conduct
5  need not be motivated by sexual desire to support an inference of
6  discrimination on the basis of sex'" as "[t]he motivation can be
7  a 'general hostility to the presence of women in the workplace.'"
8  Kortan, 217 F.3d at 1110 (quoting Oncale v. Sundowner Offshore
9  Servs., Inc., 523 U.S. 75, 80 (1998)).

10        To arise to a hostile work environment, the environment
11 "must be both objectively and subjectively offensive, one that a
12 reasonable person would find hostile or abusive, and one that the
13 victim in fact did perceive to be so."  Faragher v. City of Boca
14 Raton, 524 U.S. 775, 787 (1998).  "[W]hether an environment is
15 sufficiently hostile or abusive" is determined by "'looking at
16 all the circumstances,' including the 'frequency of the
17 discriminatory conduct; its severity; whether it is physically
18 threatening or humiliating, or a mere offensive utterance; and
19 whether it unreasonably interferes with an employee's work
20 performance.'"  Id. at 787-88 (quoting Harris v. Forklift Sys.,
21 Inc., 510 U.S. 17, 22 (1993)).  "[S]poradic use of abusive
22 language, gender-related jokes, and occasional teasing" are
23 insufficient because the conduct must be "extreme" enough to
24 "amount to a change in the terms and conditions of employment."
25 Id. at 788 (internal quotation marks omitted).  "The[] standards
26 for judging hostility are sufficiently demanding to ensure that
27 Title VII does not become a 'general civility code.'"  Id.
28 (quoting Oncale, 523 U.S. at 80).

In her FAC, plaintiff alleges only that the harassment included discipline, negative comments about former female judges, overly scrutinized work that was inconsistent with her actual work, undeservedly poor performance evaluations, and "weekly tests and work tallies." (FAC ¶ 5 & Ex. 1.) Plaintiff then alleges that this harassment was "so severe and pervasive that it interfered with [her] ability to perform her job and created a hostile, abusive environment." (Id. ¶ 7.)

Courts have repeatedly rejected such cursory and conclusory allegations. See, e.g., Allford v. Barton, No. 1:14-CV-00024 AWI JLT, 2015 WL 2455138, at *20 (E.D. Cal. May 22, 2015) ("Plaintiff's FAC alleges that individual Defendants . . . created a hostile work environment that included repeated negative comments and attempts to adopt and enforce new employment policies that made it difficult for Plaintiff to perform his employment duties. . . . A vague and conclusory statement, such as this, is insufficient to demonstrate conduct that is 'severe or pervasive' which in turn 'create[s] an abusive working environment.'") (alteration in original); Rubadeau v. M.A. Mortenson Co., No. 1:13-CV-339 AWI JLT, 2013 WL 3356883, at *8 (E.D. Cal. July 3, 2013) ("Simply alleging that general conduct was severe, without an indication of frequency or a description of the conduct, is too conclusory.").

The Ninth Circuit has also explained that "harassment 'consists of actions outside the scope of job duties which are not of a type necessary to business and personnel management.'" Lawler v. Montblanc N. Am., LLC, 704 F.3d 1235, 1244 (9th Cir. 2013) (quoting Reno v. Baird, 18 Cal. 4th 640, 647 (1998)).

1  "[C]ommonly necessary personnel management actions such as hiring
2  and firing, job or project assignments, . . . promotion or
3  demotion, [and] performance evaluations, . . . do not come within
4  the meaning of harassment." Id. (quoting Reno, 18 Cal. 4th at
5  646-47) (omissions in original); see, e.g., Kennedy v. Kings
6  Mosquito Abatement Dist., No. 1:12-CV-1458 AWI MJS, 2013 WL
7  1129202, at *11 (E.D. Cal. Mar. 18, 2013) (dismissing the
8  plaintiff's hostile work environment claim under Rule 12(b)(6)
9  because it was based on personnel management actions, including
10 "'subjecting Plaintiff to different expectations and greater
11 scrutiny than other District employees and selectively writing up
12 or reprimanding Plaintiff, [and] providing poor performance
13 evaluations'"); see also Lancaster v. County of Yolo, No. 2:03-
14 CV-2342 FCD DAD, 2007 WL 1888773, at *8 n.14 (E.D. Cal. June 29,
15 2007) (applying Reno's analysis to Title VII).  Almost all of the
16 alleged harassment in the FAC is therefore insufficient as a
17 matter of law because the conduct involved personnel management
18 actions.
19         Even assuming plaintiff sufficiently alleged she was
20 harassed, she must also plausibly allege that the harassment was
21 based on her gender.  Surrell, 518 F.3d at 1108.  The Ninth
22 Circuit has held that exclusively "performance related" comments
23 cannot show that the alleged harassment was based on a protected
24 status.  Id. at 1108-09; see also Cooper v. Cate, No. 1:10-CV-899
25 AWI DLB, 2012 WL 1669353, at *8 (E.D. Cal. May 11, 2012) ("[T]he
26 TAC alleges conduct against [plaintiff] and seems to rely simply
27 on the fact that [plaintiff] is a woman.  That is not sufficient.
28 While the allegations reflect conduct against [plaintiff] that

may be characterized as disrespectful, unfair, and unwarranted, they do not reflect hostility against women in any way.").

Here, the only allegations even attempting to link the alleged harassment to plaintiff's gender are (1) that "[s]imilarly situated male colleagues were treated more favorably than Plaintiff" and were not subjected to the same treatment; and (2) Judge Menafee had allegedly made "negative" comments about former female judges.  (FAC ¶¶ 5-6 & Ex. 1.)  These conclusory allegations lack any factual support and are insufficient to give rise to a plausible inference that the alleged harassment was because of plaintiff's gender.  Accord Medlock v. Fred Finch Children's Home, No. 14-CV-03000 JCS, 2014 WL 4756055, at *4 (N.D. Cal. Sept. 24, 2014) (dismissing hostile work environment claim when allegations failed to "explain what conduct supports her conclusion that [plaintiff's supervisor] exhibited 'sexist attitudes'"); Wingate v. Donahoe, No. 12-CV-05560 LB, 2013 WL 5423956, at *7 (N.D. Cal. Sept. 27, 2013), aff'd, 2016 WL 1568156 (9th Cir. Apr. 19, 2016) (dismissing hostile work environment claim as insufficiently plead based on allegation that "'persons who are not of [plaintiff's] particular persuasions have not received such treatment'"); Rubadeau, 2013 WL 3356883, at *7 ("There are no descriptions of what the sexist remarks about women were, how often they were made, or who made them.  Although daily comments about [plaintiff's] appearance were made, there are no descriptions of what the comments actually were or who said them.  Factual allegations that describe and identify the comments and touching involved, the frequency of the comments and touching, and who did or said them are necessary to state a

8

plausible claim."); Lavery-Petrash v. Sierra Nv. Mem'l Hosp., No. 2:11-CV-01520 GEB, 2013 WL 2360934, at *5 (E.D. Cal. May 29, 2013) (allegations that defendant hovered over the plaintiff while she worked, pressed himself against her, required her to lean over his legs, and yelled and threatened her insufficiently alleged that the conduct was based on plaintiff's gender).

Moreover, even assuming the negative comments Judge Menafee allegedly made about prior female judges were extremely offensive, "offhand comments . . . and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." Faragher, 524 U.S. at 788. For example, in Kortan, the Ninth Circuit held that the offensive comments a supervisor made about females did not create a hostile work environment as a matter of law. 217 F.3d at 1104. In that case, the plaintiff's supervisor had referred to various former female superintendents as a "regina," "madonna," or "castrating bitch" and referred "to women generally as 'bitches' and 'histrionics.'" Id. at 1107. He had also told the plaintiff, "All this time, I assumed you were 'Artemis' . . . I made a mistake, and you are not 'Artemis.' You are 'Medea.'" Id. (omission in original) (internal quotation marks omitted). The Ninth Circuit affirmed the district court's grant of summary judgment in favor of the defendant after finding that the comments were not sufficiently severe or pervasive to give rise to a hostile work environment claim under Title VII. Id. at 1110. The Ninth Circuit emphasized that the supervisor had only occasionally used the offensive terms to refer to other female employees and had "never directed a sexual insult" at plaintiff.

1  Id.  Under Kortan, allegations that one supervisor made limited
2  "negative" comments about other prior female judges are
3  insufficient as a matter of law.
4        Overall, because plaintiff's cursory and conclusory
5  allegations fail to state a cognizable claim for a hostile work
6  environment under Title VII and FEHA and most of the general
7  allegations are insufficient as a matter of law, the court must
8  grant defendants' motion to dismiss those claims.  In light of
9  the allegations in the FAC, the court questions whether plaintiff
10 could provide sufficient factual allegations to plausibly allege
11 that she was harassed based on her gender and that the harassment
12 was objectively severe and pervasive as to alter the terms and
13 conditions of her employment.  Nonetheless, because this is the
14 first time the court has addressed the insufficiency of
15 plaintiff's allegations, the court will give plaintiff leave to
16 amend.
17       B.   Gender Discrimination
18       To establish a prima facie case of gender
19 discrimination under Title VII or FEHA, a plaintiff must show
20 "(1) [s]he belongs to a protected class, (2) [s]he was qualified
21 for the position, (3) [s]he was subjected to an adverse
22 employment action, and (4) similarly situated [males] were
23 treated more favorably."  Aragon v. Republic Silver State
24 Disposal Inc., 292 F.3d 654, 658 (9th Cir. 2002); see Guz v.
25 Bechtel Nat. Inc., 24 Cal. 4th 317, 355 (2000) (applying same
26 standard for a FEHA discrimination claim); see also 42 U.S.C.
27 § 2000e-2(a); Cal. Gov't Code § 12940(a).
28       Plaintiff's gender discrimination claims rely on the

10

1  same cursory and conclusory allegations underlying her hostile
2  work environment claims.  Plaintiff indicates in her opposition
3  to defendants' motion that her termination is the adverse
4  employment action giving rise to her gender discrimination claim.
5  (Pl.'s Opp'n at 2:19.)  Her FAC, however, lacks any facts
6  surrounding her termination, including even an allegation that
7  she was terminated because of her gender.  Her FAC also fails to
8  allege who was responsible for the decision.  According to
9  plaintiff's FAC, only Judge Menafee made "negative" comments
10 about prior female judges and, even assuming those vague
11 allegations were sufficient to show some gender bias on his part,
12 there are no allegations even suggesting Judge Menafee played any
13 role in the decision to terminate plaintiff.  For these reasons
14 alone, her gender discrimination claim fails to state a
15 cognizable claim based on her termination.  Accord McKinzy v.
16 Nat'l R.R. Passenger Corp., 836 F. Supp. 2d 1014, 1023 (N.D. Cal.
17 2011) (granting judgment in favor of the defendant on FEHA sex
18 discrimination claim because, while the plaintiff testified one
19 individual had made "derogatory comments about her being a
20 woman," there was no evidence that the individual was involved in
21 the adverse employment action).

22         Plaintiff's allegation that "[s]imilarly situated male
23 colleagues were treated more favorably than Plaintiff," (FAC
24 ¶ 6), is also nothing more than a "naked assertion devoid of
25 further factual enhancement," Iqbal, 556 U.S. at 678 (alteration
26 and internal quotation marks omitted); accord Bastidas v. Good
27 Samaritan Hosp. LP, No. 13-CV-04388 SI, 2014 WL 6900051, at *2
28 (N.D. Cal. Dec. 8, 2014) ("[T]he TAC is replete with allegations

11

1  that white physicians were treated differently than plaintiff;
2  yet he fails to support these bare allegations with sufficient
3  facts to survive a motion to dismiss.").

4  Accordingly, the court must grant defendants' motion to
5  dismiss plaintiff's Title VII and FEHA gender discrimination
6  claims.

### C. Retaliation

Title VII and FEHA prohibit an employer from "retaliate[ing] against employees who have 'opposed any practice made an unlawful employment practice'" by Title VII or FEHA, respectively. Davis v. Team Elec. Co., 520 F.3d 1080, 1093 (9th Cir. 2008) (quoting 42 U.S.C. § 2000e-3); Cal Gov't Code. § 12940(h) (same). "To make out a prima facie case of retaliation under Title VII, [the plaintiff] must put forth evidence sufficient to show that (1) she engaged in a protected activity, (2) she suffered an adverse employment action, and (3) there was a causal link between her activity and the employment decision." Raad v. Fairbanks N. Star Borough Sch. Dist., 323 F.3d 1185, 1196-97 (9th Cir. 2003); see Strother v. S. Cal. Permanente Med. Grp., 79 F.3d 859, 868 (9th Cir. 1996) (same prima facie showing for FEHA). "[T]o constitute protected activity, a complaint must be based on an employee's 'reasonable belief' that he is reporting conduct that violates Title VII." E.E.O.C. v. Go Daddy Software, Inc., 581 F.3d 951, 967 (9th Cir. 2009); see also Yanowitz v. L'Oreal USA, Inc., 36 Cal. 4th 1028, 1043 n.4 (2005) (same for FEHA).

In her FAC, plaintiff alleges that in November 2014 she "complained about the harassment to Judge Thomas Clarke" and in

1   June 2014 she "reported the discriminatory treatment internally
2   to Lynette Davis of the Office of Civil Rights."  (FAC ¶ 8 & Ex.
3   1.)  Again, however, plaintiff's FAC is silent as to who made the
4   decision to terminate her and whether the individual or
5   individuals responsible for that decision even knew she had made
6   complaints about harassment and discrimination.  As the Ninth
7   Circuit has explained, the "decision maker's knowledge of
8   protected activity [is] necessary for causation."  Billberry v.
9   Brennan, 608 F. App'x 553, 554 (9th Cir. 2015) (citing Raad, 323
10  F.3d at 1197); see also Raad, 323 F.3d at 1197 ("[T]he plaintiff
11  must make some showing sufficient for a reasonable trier of fact
12  to infer that the defendant was aware that the plaintiff had
13  engaged in protected activity.").

14          Accordingly, because there is not a single allegation
15  suggesting that the individual or individuals who made the
16  decision to terminate plaintiff were aware of her alleged
17  protective activity, the court must grant defendants' motion to
18  dismiss plaintiff's Title VII and FEHA retaliation claims.

19          IT IS THEREFORE ORDERED that defendants' motion to
20  dismiss plaintiff's FAC be, and the same hereby is, GRANTED.

21          Plaintiff has twenty days from the date this Order is
22  signed to file a Second Amended Complaint, if she can do so
23  consistent with this Order.

24  Dated:   June 27, 2016

                                    *[signature]*
                                    WILLIAM B. SHUBB
                                    UNITED STATES DISTRICT JUDGE